1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SARA ANN WALKER,

                Plaintiff(s),

     v.

THE INTERNATIONAL CITY
MANAGEMENT ASSOCIATION
RETIREMENT COMPANY,

              Defendant(s).

CASE NO. C23-5488-KKE

ORDER GRANTING DEFENDANT'S
SUMMARY JUDGMENT MOTION

After Defendant The International City Management Association Retirement Company (doing business as MissionSquare Retirement (hereinafter "MissionSquare")) disbursed the assets of Randy Denney's retirement accounts upon his death, his daughter, Plaintiff Sara Ann Walker, filed this action alleging that MissionSquare should have distributed all of those assets to her. Because the contracts governing the retirement accounts do not entitle Ms. Walker to the relief requested in her complaint, the Court finds that MissionSquare is entitled to judgment as a matter of law and therefore grants its motion for summary judgment.

## I.  BACKGROUND

While Mr. Denney was employed by the Public Utilities District No. 1 in Grays Harbor County, he enrolled in two retirement accounts: a 401(k) qualified retirement plan and a Section 457 deferred compensation plan (collectively "the Plans").  *See* Dkt. No. 1-1 ¶¶ 9–10.  The Plans

are offered and maintained by MissionSquare, a nonprofit organization that provides financial services for public employees. Dkt. No. 42 at 6. Mr. Denney initially designated his only child, Ms. Walker, as the beneficiary of the 401(k) Plan when he created the account. Dkt. No. 46-7 at 7. He designated no beneficiary for the Section 457 Plan. *Id.* at 11.

Mr. Denney retired in 2009, and approximately 10 years later he married Cynthia Denney. Dkt. No. 1-1 ¶¶ 14–15. Mr. Denney did not change the beneficiary of his 401(k) after his marriage to Ms. Denney. *Id.* ¶ 16. When Mr. Denney died in 2022, the 401(k) Plan assets totaled $217,780.79 and the Section 457 Plan assets totaled $115,457.83. *Id.* ¶¶ 11–12. MissionSquare disbursed half of the Plans' assets to Ms. Denney, distributing the other half of the 401(k) Plan assets to Ms. Walker and the other half of the Section 457 Plan assets to Mr. Denney's estate. *Id.* ¶¶ 22–23.

After her informal demands that MissionSquare distribute the entirety of the Plans' assets to herself were unsuccessful, Ms. Walker filed a lawsuit in Thurston County Superior Court. Dkt. No. 1-1. MissionSquare timely removed the action to this Court, and has now filed a motion for summary judgment.[1] Dkt. Nos. 1, 42. MissionSquare contends that because Ms. Walker has not shown that she is entitled to the entirety of the Plans' funds under the governing Plan documents, she is not, as a matter of law, entitled to the relief she seeks in this action. Dkt. No. 42. Ms. Walker opposed the motion, arguing that because a jury could find that the 401(k) Plan's[2] governing documents were ambiguous or confusing to a layperson, and that MissionSquare should

---

[1] This order refers to the parties' briefing using the CM/ECF page numbers.

[2] Although Ms. Walker's complaint could be read to seek disbursement of funds available under both Plans, her opposition brief only references the 401(k) Plan assets. Dkt. No. 46. At oral argument, Ms. Walker confirmed that she has abandoned any claim to the Section 457 Plan assets. Therefore, the remainder of this order addresses only Ms. Walker's claims seeking the 401(k) Plan assets.

have explained them more thoroughly to Mr. Denney, MissionSquare is not entitled to summary judgment based on the contract terms alone.  Dkt. No. 46.

The Court heard oral argument on MissionSquare's motion on September 5, 2024, and the motion is now ripe for resolution.

## II.    ANALYSIS

**A.    Legal Standards**

*1.  Summary Judgment*

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  A principal purpose of summary judgment "is to isolate and dispose of factually unsupported claims[,]" so that "factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 327 (1986).  In resolving a motion for summary judgment, the court considers "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Id*. at 249.

*2.  Contract Interpretation*

Washington courts "follow the objective manifestation theory of contracts.  Under this approach, we attempt to determine the parties' intent by focusing on the objective manifestations of the agreement, rather than on the unexpressed subjective intent of the parties."  *Hearst Comm'cns, Inc. v. Seattle Times Co.*, 115 P.3d 262, 267 (Wash. 2005).  "[W]hen interpreting

contracts, the subjective intent of the parties is generally irrelevant if the intent can be determined from the actual words used[,]" and courts "generally give words in a contract their ordinary, usual, and popular meaning unless the entirety of the agreement clearly demonstrates a contrary intent." *Id*.

"It is a fundamental precept of contract law that contracts must be interpreted in accordance with all of their terms." *Storti v. Univ. of Wash.*, 330 P.3d 159, 164 (Wash. 2014). "An interpretation of a contract that gives effect to all provisions is favored over an interpretation that renders a provision ineffective, and a court should not disregard language that the parties have used." *Snohomish Cnty. Pub. Transp. Benefit Area Corp. v. FirstGroup Am., Inc.*, 271 P.3d 850, 856 (Wash. 2012).

**B.    MissionSquare is Entitled to Judgment as a Matter of Law.**

Ms. Walker's complaint alleges that, under various causes of action, she is entitled to the entirety of the Plan assets, rather than the fraction of the total assets disbursed to her by MissionSquare.[3]    Specifically, Ms. Walker alleges claims for breach of contract, breach of fiduciary duty, negligence, and conversion, under a theory that the 401(k) Plan documents should have been effectuated to result in her receipt of all Plan proceeds, and that MissionSquare's failure to adhere to the terms of the Plan documents was unlawful.  Dkt. No. 1-1 ¶¶ 24–43.  The Court finds that, for the following reasons, MissionSquare did not breach the relevant contracts and that Ms. Walker's claims fail as a matter of law.

A claim for breach of contract has four elements: duty, breach, causation, and damages. *Hard 2 Find Accessories, Inc. v. Amazon.com, Inc.*, 58 F. Supp. 3d 1166, 1171 (W.D. Wash. 2014),

---

[3] At oral argument, MissionSquare admitted that Ms. Walker received a portion of the proceeds of Mr. Denney's Plan funds due to an oversight on MissionSquare's part, and that under the terms of the governing documents Ms. Walker is not entitled to any of the proceeds.  MissionSquare does not seek to remedy the apparent windfall in Ms. Walker's favor, however.

ORDER GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION- 4

*aff'd sub nom. Hard2Find Accessories, Inc. v. Amazon.com, Inc.*, 691 F. App'x 406 (9th Cir. 2017).  "For any breach to arise, there must first be some duty to perform."  *BP West Coast Prods. LLC v. SKR Inc.*, 989 F. Supp. 2d 1109, 1121 (W.D. Wash. 2013).

The contracts at issue here include the terms of the 401(k) Plan itself as well as the adoption agreement whereby Grays Harbor County established the 401(k) Plan for its employees.  Dkt. Nos. 43-1, 43-3.  The terms of Mr. Denney's 401(k) Plan explain the rights of his surviving spouse (Ms. Denney), in a section titled "Spousal Death Benefit Requirements."  This section reads, in relevant part:

**12.02 Spousal Death Benefit.**

(a) On the death of a Participant, the Participant's Vested Account Balance will be paid to the Participant's Surviving Spouse. If there is no Surviving Spouse, or if the Participant has waived the spousal death benefit, as provided in Section 12.03, such Vested Account Balance will be paid to the Participant's designated Beneficiary.

…

**12.03 Waiver of Spousal Death Benefit.**

The Participant may waive the spousal death benefit described in Section 12.02 at any time; provided that no such waiver shall be effective unless: (a) the Participant's Spouse consents in writing to the election; (b) the election designates a specific Beneficiary, including any class of Beneficiaries or any contingent Beneficiaries, which may not be changed without spousal consent (or the Spouse expressly permits designations by the Participant without any further spousal consent); (c) the Spouse's consent acknowledges the effect of the election; and (d) the Spouse's consent is witnessed by a Plan representative or notary public. If it is established to the satisfaction of a Plan representative that there is no Spouse or that the Spouse cannot be located, a waiver will be deemed to meet the requirements of this Section.

Any consent by a Spouse obtained under this provision (or establishment that the consent of a Spouse may not be obtained) shall be effective only with respect to such Spouse. A consent that permits designations by the Participant without any requirement of further consent by such Spouse must acknowledge that the Spouse has the right to limit consent to a specific Beneficiary, and a specific form of benefit where applicable, and that the Spouse voluntarily elects to relinquish either or both of such rights. A revocation of a prior waiver may be made by a Participant without

the consent of the Spouse at any time before the commencement of benefits. The number of revocations shall not be limited.

Dkt. No. 43-1 at 37–38.  In the adoption agreement, Grays Harbor County explicitly elected to provide spousal protection in its employees' 401(k) plans.  Dkt. No. 43-3 at 12 ("The normal form of payment of benefits under the Plan is a lump sum.  Upon death, the surviving spouse is the Beneficiary, unless he or she consents to the Participant's naming another Beneficiary.").

MissionSquare relies on this contract language to support its position that Ms. Walker is not entitled to any more of the Plan's funds than she already received. Dkt. No. 42 at 12–14.  The Court agrees.  The relevant contracts explain that if Mr. Denney is married at the time of his death, his surviving spouse is entitled to Plan assets unless she waived that benefit, and it is undisputed that she did not do so.  That Ms. Walker was listed on quarterly Plan statements as Mr. Denney's designated beneficiary is not inaccurate or confusing, as suggested by Ms. Walker: she was indeed listed as Mr. Denney's designated beneficiary at the time he created the Plan and remained his designated beneficiary at the time of his death, but this status does not necessarily indicate that she is entitled to Plan assets.  Under the terms of the Plan's governing documents, she could receive assets if Ms. Denney had predeceased Mr. Denney, but she would not if Ms. Denney survived Mr. Denney and did not consent to waive the death benefit.  Because it is undisputed that Ms. Denney survived Mr. Denney and did not consent to waive the death benefit, the unambiguous terms of the Plan's governing documents operate to direct Plan assets to Ms. Denney rather than to Ms. Walker.  Because MissionSquare has met its burden to show that it did not breach the terms of the Plan contracts when refusing to disburse Plan assets to Ms. Walker, MissionSquare is entitled to judgment as a matter of law on Ms. Walker's claims asserting otherwise.

To the extent that Ms. Walker's complaint suggests that MissionSquare owed a fiduciary duty under Chapter 6.15 of the Revised Code of Washington as the trustee of the 401(k) Plan by

1  "failing to adhere to the trust documents and [Mr. Denney's] beneficiary designation" (Dkt. No.

2  1-1 ¶ 33), the Court agrees with MissionSquare that Ms. Walker has failed to show that it breached

3  that duty.  Because, again, MissionSquare has shown that it complied with the contracts governing

4  the 401(k) Plan assets, and Ms. Walker has not alleged that MissionSquare failed to adhere to any

5  other documents governing the Plan, it did not fail to adhere to the "trust documents."  Dkt. No.

6  42 at 12.   Likewise, MissionSquare argues that, to the extent Ms. Walker alleges that

7  MissionSquare negligently misclassified the 401(k) Plan assets as community property (Dkt. No.

8  1-1 ¶¶ 37–38) and should have instead distributed them (as separate property) entirely to Ms.

9  Walker, the Court agrees with MissionSquare that the issue of community property is a red herring

10  because the terms of the 401(k) Plan itself do not entitle Ms. Walker to any Plan assets, regardless

11  of whether they are separate or community property.  Dkt. No. 42 at 13–14.  The Court agrees that

12  Ms. Walker's additional claims rise and fall with her breach of contract claim, which fails for the

13  reasons explained herein.

14          In Ms. Walker's opposition brief, she does not directly argue that she is entitled to more of

15  the Plan's assets due to the operation of the contract language as alleged in the complaint (Dkt.

16  No. 46), and she further abandoned this theory at oral argument.  Instead, Ms. Walker shifts to a

17  new argument that the contract language leads to results that would be confusing and unexpected

18  for a layperson, particularly because Mr. Denney's quarterly statements listed Ms. Walker as his

19  designated beneficiary.  *Id*. at 12–14.  Ms. Walker argues that because MissionSquare is a Plan

20  fiduciary as defined in the context of the Employee Retirement Income Security Act of 1974

21  ("ERISA"), it should have more clearly and comprehensively explained the spousal protection

22  provision to Mr. Denney.  *Id.* at 9 (citing 29 U.S.C. § 1002(21)(A)).  Because it did not, Ms. Walker

23  claims that MissionSquare breached a duty it owed to Mr. Denney.  *Id.* at 14–15.

24

MissionSquare notes on reply (Dkt. No. 47 at 7–8) that Ms. Walker's complaint does not allege any ERISA-based claims, and that even if the Court were to construe Ms. Walker's opposition as a motion for leave to amend to add ERISA-related claims, those claims would fail because government-based plans, such as those offered by Mr. Denney's government employer, are excluded from ERISA.  *See* 29 U.S.C. § 1003(b)(1) ("The provisions of [the ERISA subchapter] shall not apply to any employee benefit plan if … such plan is a governmental plan."); *see also* 29 U.S.C. § 1002(32) (defining "governmental plan" to include plans established or maintained for employees of the federal government or state government, or any political subdivision, agency, or instrumentality thereof).  And, MissionSquare goes on to argue (Dkt. No. 47 at 8), even if ERISA did govern the Plan, MissionSquare would not be considered a Plan fiduciary and could not, therefore, breach a fiduciary duty to Mr. Denney.  *See, e.g.*, *Apogee Enters., Inc. v. State St. Bank & Tr. Co.*, No. 09 Civ. 1899(RJH), 2010 WL 3632697, at *2 (S.D.N.Y. Sep. 17, 2010) (finding that defendant, which provides recordkeeping and administrative services, and prepares reports concerning plan participants' benefits, is not a plan fiduciary for ERISA plan at issue).

At oral argument, Ms. Walker abandoned any argument that the 401(k) Plan here is governed by ERISA or that her complaint should be amended to add any ERISA-based claims. Instead, she opposed MissionSquare's motion with arguments not contained in her complaint nor argued in her opposition brief.  For example, Ms. Walker questioned for the first time whether the copies of the Plan documents in the record are consistent with the terms of the Plan documents provided to Mr. Denney, or whether he may have received copies with different terms.[4]  These

---

[4] In a declaration submitted with MissionSquare's motion for summary judgment, a MissionSquare employee stated that the copies of the Plan documents in the record are "substantially and materially similar" to the documents "that were in effect at all times relevant to this litigation."  Dkt. No. 43 ¶ 8.

ORDER GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION- 8

arguments are untimely and have therefore been waived.  *See, e.g.*, *Health Indus. Bus. Commc'ns Council Inc. v. Animal Health Inst.*, 481 F. Supp. 3d 941, 961 n.7 (D. Ariz. 2020) (citing *Valentine v. City of Chicago*, 452 F.3d 670, 680 n.1 (7th Cir. 2006) ("[A]rguments raised for the first time at oral argument are waived[.]")).  Moreover, when asked at oral argument whether Ms. Walker intended to seek leave to amend her complaint or continue the case schedule to accommodate new theories, counsel indicated that she did not intend to do so.

Because MissionSquare has shown that the applicable contract language does not entitle Ms. Walker to the relief she requests in her complaint, the Court will grant MissionSquare's motion for summary judgment.

## III.  CONCLUSION

For the reasons stated herein, the Court GRANTS Defendant's motion for summary judgment.  Dkt. No. 42.

Dated this 11th day of September, 2024.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION- 9